# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TODD E. BUSHBERGER,

        Plaintiff,

v.                                                                                                            Case No. 07-CV-8

PROTECTO WRAP COMPANY,

        Defendant.

_____

## ORDER

        Plaintiff Todd E. Bushberger ("Bushberger") filed suit against defendant Protecto Wrap Company ("PWC") alleging patent infringement. PWC filed a motion to dismiss for lack of subject matter jurisdiction contending that Bushberger does not own 100% of the asserted patents. PWC also filed a motion for a preliminary injunction seeking to restrain Bushberger from stating that PWC could no longer lawfully sell the allegedly infringing products. In an order dated May 1, 2007, the court stayed this case in response to a stipulation filed by the parties so that they could engage in settlement discussions. After three extensions, the stay was set to expire on July 16, 2007. Apparently unsuccessful in their settlement negotiations, the parties resumed briefing the pending motions in August. The court will order the stay lifted; however, for the reasons set forth below, the court is obliged to dismiss this action for lack of subject matter jurisdiction.

## BACKGROUND

PWC manufactures waterproofing membranes for the construction industry including flashing tapes, house wrap materials, and flooring, tile, and roofing underlayments. John Hopkins ("Hopkins") is a substantial shareholder and the chief executive officer of PWC. In early 2001, Hopkins met Bushberger at a trade show where they began discussing the possibility of forming a business and the potential for Bushberger to begin employment at PWC. As a result of these discussions, Hopkins and Bushberger eventually agreed to form a corporation which would license construction-related inventions to PWC. In addition, in January 2002, Bushberger began working for PWC as its Midwest sales manager and as a construction consultant. PWC asserts that Hopkins and Bushberger conceived of the inventions licensed to PWC, a building foundation seal and a self-adhesive insulating and protective barrier product for building foundations, during discussions where Hopkins added substantial content to Bushberger's original concepts. (Hopkins Decl. ¶ 4.) Bushberger, however, contends that he was the sole inventor of the products.

Hopkins and Bushberger discussed possible ways in which to commercialize the foundation seal, TripleGuard™, and the self-adhesive insulating and protectant products, ProtectoBond™. In June 2002, Hopkins and Bushberger signed an LLC Operating Agreement (the "2002 Agreement") to create Bushkins, LLC ("Bushkins"). According to the agreement, Bushkins was to own and manage the patent applications for the inventions, Hopkins was to pay Bushberger up to $30,000 to

cover the cost of patent prosecution and the cost of forming Bushkins, and Bushberger was to assign the patent applications to Bushkins. Bushberger, however, did not file the articles of incorporation with the Wisconsin Secretary of State office to form Bushkins. Bushberger states he did not file the documents because he was waiting for the parties to sign a licensing agreement. Bushberger also did not assign his rights in and to the patent applications to Bushkins. Hopkins paid Bushberger the $30,000 required under the agreement.

The patents, U.S. Patent No. 6,546,679 ("the '679 patent") and U.S. Patent No. 6,578,332 ("the '332 patent"), issued in the spring of 2003. The '679 patent includes eight claims and the '332 patent includes ten claims. The patents list Bushberger as the sole inventor and neither patent has been assigned to Bushkins by Bushberger. Hopkins states that he told Bushberger that PWC would not enter a license to the '679 and '332 patents until the operating agreement clearly indicated that Hopkins was a 50% owner of both patents. It is undisputed that Hopkins invented at least the subject matter recited in claim 7 of both patents; however, Bushberger asserts he properly disclaimed claim 7 of the '332 patent. PWC asserts that the disclaimer is inoperative to divest Hopkins of his legal rights.

PWC states that Bushberger and Hopkins signed a new Bushkins operating agreement in December 2003 (the "2004 Agreement"). (Hopkins Decl. Ex. 5.) Pursuant to section 2.1 of that agreement:

> John Hopkins, for consideration of 50% of Bushkins LLC and 50% of all patent ownership present or future, agrees to pay up to $30,000 for the initial patent applications and expenses incurred including attorney's fees pertinent to LLC. The actual bills need to be submitted to John Hopkins after the LLC Agreement is signed. Future expenses beyond the $30,000 will be paid for out of the LLC profit to be borne equally by both parties 50-50.

(Hopkins Decl. ¶ 9, Ex. 5 § 2.1.) Bushkins was registered as a Wisconsin domestic limited liability company in May 2004.

Bushberger disputes the existence of the 2004 Agreement. According to Bushberger, Hopkins contacted Bushberger in 2003 stating that Hopkins could not locate his master copy of the 2002 Agreement, and that Hopkins requested Bushberger to sign new original copies of the 2002 Agreement. Bushberger states that before he signed the documents that Hopkins sent to him, he reviewed them and confirmed that the new documents contained the same material terms as the 2002 Agreement that Bushberger had previously signed. (Bushberger Dep. 164-70, 174-77.) Bushberger states that he was never presented with the terms quoted above, section 2.1 of the 2004 Agreement, and that he did not sign any copy of the 2004 Agreement. (*Id.*) Bushberger asserts that any signature of his affixed to a copy of the 2004 Agreement was procured by deceit and fraud. (*Id.*)

In 2004, Hopkins signed on behalf of PWC a license with Bushkins. Between 2004 and 2006, PWC paid Bushkins more than $270,000 in royalties under that license. All profits generated by Bushkins, approximately $230,000, have been paid to Bushberger. Bushberger terminated PWC's license with Bushkins, effective

January 1, 2007, and filed his complaint in this action on January 3, 2007, alleging PWC infringed the '332 and '679 patents.

**ANALYSIS**

PWC asserts that Bushberger's complaint should be dismissed for lack of subject matter jurisdiction because Hopkins is a co-owner of the '679 and '332 patents by both assignment from Bushberger and operation of patent law. Pursuant to the holding in *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256 (Fed. Cir. 2007), all co-owners of a patent must join all the other co-owners of that patent to establish legal standing to sue for infringement of the patent. *Id.* at 1264. PWC argues that this case must be dismissed because Bushberger is not the sole owner of the patents, and neither Hopkins nor PWC agree to voluntarily join as a plaintiff in Bushberger's infringement action against PWC. *See id.* ("With certain exceptions not applicable here, one co-owner has the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit.").

Standing to sue is a threshold jurisdictional requirement in every federal action. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005). In considering the motion to dismiss, the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). When considering a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction, district courts look beyond the pleadings and consider all competent evidence. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312

F.3d 876, 879 (7th Cir. 2002). "[W]here standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with 'competent proof.'" *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). "Competent proof" requires a showing by a preponderance of the evidence that standing exists. *Perry v. Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence.").

PWC raises two arguments to support its claim that Hopkins has an ownership interest in the two patents at issue. First, although Bushberger is listed as the sole inventor of the patents, PWC asserts that Bushberger assigned a 50% interest in and to the '679 and '332 patents to Hopkins through the 2004 Agreement. *See* 35 U.S.C. § 261 ("patents, or any interest therein, shall be assignable in law by an instrument in writing."). Second, PWC notes that an inventor of one claim of a patent enjoys ownership of a pro rata undivided interest in the entire patent. *See Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998) ("in the context of joint inventorship, each co-inventor presumptively owns a pro rata undivided interest in the entire patent, no matter what their respective contributions."). Here, it is undisputed that Hopkins is an inventor of the subject matter of at least claim 7 of the '679 and '332 patents. (Hopkins Dec., ¶ 8; Bushberger Dep. 186, 190.) Therefore, PWC asserts, Hopkins owns an undivided interest in the patents, and because Hopkins will not join as a party plaintiff to this

-6-

action, Bushberger's complaint must be dismissed for lack of standing. *See Israel Bio-Eng'g Project*, 475 F.3d at 1264.

In response, Bushberger raises three arguments to support his claim that he is the sole owner of both the patents at issue. First, Bushberger argues that he should not be bound to the terms of the 2004 Agreement because, as noted above, Bushberger claims he was never presented with the terms of the 2004 Agreement that provided for the assignment of a 50% interest in and to the '679 and '332 patents to Hopkins. (Bushberger Dep. 164-70, 174-77.) Bushberger contends that he never signed the 2004 Agreement; rather, he states he signed a new original copy of the 2002 Agreement. (*Id.*)

Second, Bushberger argues that Hopkins's contributions to the patents were "merely material selections and obvious embodiments of the inventions conceived solely by Bushberger." (Pl.'s resp. Br. 5.) Hopkins states he contributed the adhesive coating which is covered by a release strip to the lower surface of the strip, as claimed in claim 7 of the '332 patent, and that he contributed forming the first layer of a "ter polymer acrylic resin having a textured surface" as claimed in claim 7 of the '679 patent. (Bushberger Dep. 186; Hopkins Decl. ¶ 8.) Bushberger contends that, with respect to the '332 patent, the use of an adhesive to attach building parts together was well known in the art, and, therefore, any subject matter added to the '332 patent application by Hopkins was merely obvious modifications to Bushberger's invention. And with respect to claim 7 of the '679 patent, Bushberger contends that the use of a "ter polymer acrylic resin" was an obvious selection of

material to make the manufacturing process more efficient. Therefore, Bushberger asserts, any contributions by Hopkins were merely obvious contributions that do not support Hopkins's claim of inventorship. *See Ethicon*, 135 F.3d at 1460 ("One who simply provides the inventor with well-known principles or explains the state of the art without ever having a firm and definite idea of the claimed combination as a whole does not qualify as a joint inventor.") (internal quotation omitted).

Third, Bushberger asserts that, prior to commencement of this action, he properly disclaimed claims 7, 9, and 10 of the '332 patent pursuant to 35 U.S.C. § 253. (Hopkins Decl. Ex. 4.) Therefore, Bushberger asserts, Hopkins has no basis for his claim of inventorship to that patent. *See Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379, 1383-84 (Fed. Cir. 1998) (patentee may make disclaimer of any complete claim).

As noted above, the parties dispute many of the facts regarding ownership of the patents. Specifically, the parties dispute the creation of the 2004 Agreement assigning 50% of the patents to Hopkins, Hopkins's contributions to the inventions, and Bushberger's ability to disclaim any claims of the patents to which Hopkins contributed. In light of these disputed facts relevant to subject matter jurisdiction, Bushberger was required to show by a preponderance of the evidence that standing existed. *See Meridian Sec. Ins.*, 441 F.3d at 543. Bushberger presented his affidavit, exhibits, and deposition testimony to support his position that he never signed the 2004 Agreement assigning 50% of the patents to Hopkins, and evidence to support his position that he properly disclaimed claims 7, 9, and 10 of the '332

-8-

Case 2:07-cv-00008-JPS   Filed 03/17/08   Page 8 of 12   Document 56

patent prior to commencement of this suit.  After considering the evidence submitted by the parties to support their respective positions, and given the substantial disparities in the parties' portrayals of the relevant facts, the court would be required to make a credibility determination at a pretrial evidentiary hearing in order to resolve these disputed questions of fact regarding standing.  *See Bischoff v. Osceola County*, 222 F.3d 874, 879 (11th Cir. 2000) ("a district court *cannot* decide disputed factual questions or make findings of credibility essential to the question of standing on the paper record alone but *must* hold an evidentiary hearing.") (emphasis in original); *Linnemeir v. Ind. Univ. - Purdue Univ. Fort Wayne*, 155 F. Supp. 2d 1044, 1050 (N.D. Ind. 2001) ("when faced with standing issues, courts are required to hold an evidentiary hearing to determine disputed factual issues.").  However, the court concludes that such an evidentiary hearing is unnecessary here because the undisputed facts show that Hopkins conceived of the subject matter in claim 7 of the '679 patent.

In a case alleging patent infringement, the patent owner has standing to sue. *Sicom Sys., Ltd.*, 427 F.3d at 976.  However, if there are co-owners, each must join in the action. *Israel Bio-Eng'g Project*, 475 F.3d at 1264 (citing *Ethicon, Inc.*, 135 F.3d at 1460).  "It is a bedrock tenet of patent law that an invention presumptively belongs to its creator."  *Id.* at 1263 (internal quotation omitted).  Therefore, the named inventor of a patent is the presumptive owner.  *Ethicon, Inc.*, 135 F.3d at 1460.  However, an alleged co-inventor can prove his or her contribution to the conception of a claim "by clear and convincing evidence," which may include

-9-

corroborative evidence such as "oral testimony of someone other than the alleged inventor . . . ." *Id.* at 1461 (citing *Price v. Symsek*, 988 F.2d 1187, 1195-96 (Fed. Cir. 1993)).

Here, Bushberger is the named inventor of the patents; however, he testified at his deposition that Hopkins conceived of the subject matter of claim 7 of the '679 patent. (Bushberger Dep. 186, 190.) Hopkins states that he invented at least the subject matter of claim 7 of the '679 patent, and it is undisputed that Bushberger did not attempt to disclaim claim 7 of the '679 patent. (Hopkins Decl. ¶ 8; Bushberger Dep. 190.) Bushberger argues that Hopkins's contributions to the '679 patent were merely obvious material selections, not deserving of joint inventor status. However, the fact that Bushberger included the subject matter of claim 7 in the '679 patent suggests that it was a significant contribution, and, more importantly, that subject matter is presumed to be both novel and nonobvious under the presumption of validity established by 35 U.S.C. § 282. *See* 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims"). Bushberger also alleges that the use of the "ter polymer acrylic resin" was conceived by a company Hopkins was working with, not Hopkins, but Bushberger submitted no evidence other than his own testimony to support this claim. (Bushberger Dep. 188.)

A co-inventor need not make a contribution to every claim of a patent. *See* 35 U.S.C. § 116. "A contribution to one claim is enough." *Ethicon*, 135 F.3d at 1460 (citing *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 888 (Fed.

Cir. 1988)). Given Hopkins's undisputed contribution to claim 7 of the '679 patent, Hopkins must be considered a joint inventor of that patent and, thus, an owner of that patent. *See id.* at 1460-61. In light of this undisputed contribution, the court cannot conclude that Bushberger has shown by a preponderance of the evidence that he was the sole owner of the patents. *See Meridian Sec. Ins.*, 441 F.3d at 543. Without complete ownership interest of the patents or the voluntary joinder of Hopkins, Bushberger lacks standing to sue for infringement. *See Israel Bio-Eng'g Project*, 475 F.3d at 1264. Therefore, because neither Hopkins nor PWC agree to voluntarily join as a plaintiff in this action, Bushberger's complaint must be dismissed for lack of subject matter jurisdiction. *See id.* ("one co-owner has the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit.").

Also before the court, PWC filed a motion for a preliminary injunction seeking to restrain Bushberger from stating that PWC may no longer lawfully sell the allegedly infringing products. To prevail on its motion for preliminary injunctive relief, PWC must first prove that it has some likelihood of succeeding on the merits if its claims. *See Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). The motion must be denied as moot because PWC has not formally filed any claim or counterclaim in this action, and, as noted above, this action must be dismissed for lack of subject matter jurisdiction. PWC is free to file its false advertising and unfair competition claims and motion for a preliminary injunction in a separate action.

Accordingly,

**IT IS ORDERED** that the stay issued by order dated May 1, 2007, be and the same is hereby **LIFTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Docket # 18) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion for a preliminary injunction (Docket # 22) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of subject matter jurisdiction.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge